

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Gerald C. Mann
PRICE DANIEL
ATTORNEY GENERAL
ATTORNEY GENERAL

Honorable Forrester Hancock
Criminal District Attorney
Waxahachie, Texas

Dear Sir:

Opinion No. O-2486
Re:  Candidate's application
for name on ballot -
failure to file on time -
Article 3113, R. C. S.,
1925.

This will acknowledge receipt of your letter of
June 24, 1940, requesting the opinion of this department
upon the following question:

"Where a candidate for a county or
precinct office fails to file his written
intention in pursuance to the provisions of
Art. 3113, R. . . 1925, can a County Democra-
tic Committee, upon hearing the evidence and
testimony of the said candidate, instruct
the Chairman to place said candidate's name
upon the official ballot, subject to his pay-
ing at the proper time the fee assessed a-
gainst said candidate's race?"

In this connection, you state that,

"For your information, this past Saturday
a candidate for constable and a candidate for
county commissioner of Ellis County, at their
expense, had the County Chairman of Ellis
County to call a meeting for the Democratic
Executive Committee of Ellis County. At this
meeting the respective candidates, indivi-
dually and out of the presence of each other,
submitted in person the reasons why they did
not file under the said Article 3113 afore-
said, and after having been examined and
cross-examined by the respective members of
the Committee as to their said failure, the said
Committee voted on each individual case a unani-
mous vote that each candidate be placed on the
ballot, subject to his paying the fee assessed
against his race and subject to the opinion of the
Attorney General of Texas."

Article 3113, Vernon's Annotated Civil Statutes, reads
as follows:

"Any person desiring his name to appear

on the official ballot for the general primary,
as a candidate for the nomination for any office
to be filled by the qualified voters of a county
or a portion thereof, or for county chairman,
shall file with the county chairman of the county
of his residence, not later than Saturday before
the third Monday in June preceding such primary,
a written request for his name to be printed on
such official ballot as a candidate for the nomina-
tion or position named therein, giving his occupa-
tion and post-office address, giving street and
number of his residence, if within a city or town,
such request to be signed and acknowledged by him
before some officer authorized to take acknowledg-
ment to deeds. Such request similarly signed and
acknowledged by any twenty-five qualified voters
resident in the county may be filed on or before
said date, requesting that the name of any person
named thereinmay be placed on the official
ballot as a candidate for any county or precinct
office or chairmanship, with like effect as if
such request was filed by the person named as a
candidate therein; which request shall be en-
dorsed by the candidate named therein, showing
his consent to such candidacy, if nominated."

As stated in the annotation in Vol. 72 of the
American Law Reports at page 290:

"It is generally and almost universally
held that statutory provisions in election
statutes, requiring that a certificate or
application of nomination be filed with a
specified officer within a stipulated period
of time, are mandatory."

This is apparently the rule in this State. In
Dunagan v. Jones (C. C. A. 1934) 76 S. W. (2d) 219, the
court, by way of dictum, stated:

"* * *. Any candidate for county office
is expressly given the right to have his name
appear printed on the official ballot of the
primary election upon written request signed
and acknowledged and filed with the county
chairman not later than Saturday before the
third Monday in June preceding such election.
Article 3113. And further, as a condition
precedent, the county candidates must pay to
the executive committee the amount of the
estimated expenses of holding the primary ap-
portioned to him. Article 3116, R. S. Since
statutory provisions as to the preparation of
the ballot and as to the printed names to ap-
pear thereon must be strictly followed (20 C.

J., s 164, p. 141), <u>the right of a candidate to
have his name printed on the official ballot
would not be evident in case of failure to the time-
ly fulfill the requirements of the statute, and
his application for mandamus would probably be
denied by the court.</u>* * *" (Underscoring ours)

Many inquiries are involved in the proper construction
of an election statute. Among the more important ones are,
is the statute being considered from the point of view of elec-
tion officials and candidates for election, or is it being con-
sidered from the standpoint of the electorate? In addition, the
question arises, is the statute being interpreted prior to, or
after the election? As succinctly stated by the Texas Supreme
Court in Sterling v. Ferguson, 122 Tex. 122, 53 S. W. (2d) 753:

"While we have said that these statutes with
reference to certification by the secretary of
state, posting by the county clerk, and the
supplying of ballots twenty days before the
election for absentee voters, are mandatory be-
fore the election, and obedience thereto may be
enforced, it does not follow that failure to
follow them would result in a void election.
We say this in order that our statement of the
previous rule may not be misunderstood. After
an election, most election statutes are to be
regarded in a somewhat different light. Ordinar-
ily after an election the inquiry is one as to
whether or not there has been a free and un-
trammeled vote and a correct record made; and,
if so, the courts are prone to sustain the re-
sult of the election. 9 Ruling Case Law, p.
1091, s 101. However, before the election these
statutes, the object and purpose of which has
been briefly referred to, are statutes which
the public officers should obey, and which they
mary ordinarily be required to obey by proper pro-
ceedings."

Consequently, it is the opinion of this department
and you are respectfully advised, that Article 3113, Vernon's
Annotated Civil Statutes, limiting the time when a candidate
for office may file application to have his name placed upon the
ballot is mandatory. Being mandatory, it is the duty of candi-
dates and election officials alike, including the county execu-
tive committee, to abide strictly by its letter. Being manda-
tory, moreover, its provisions cannot be waived by the joint
agreement of all parties concerned.

For your guidance, we point out, however, that this
opinion interprets Article 3113 only as concerns its mandatory

Hon. Forrester Hancock, page 4

character prior to the election and only insofar as the duty of candidates and election officials is concerned. We cannot, nor do we attempt, to pass upon the validity of an election held contrary to its provision.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ James D. Smullen
                    Assistant

JDS:RS:jrb

APPROVED JULY 8, 1940
/s/ Glenn R. Lewis
ACTING ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
            BY BWB, Chairman